## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINICANA AYALA,** | : | |
| | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-446** |
| | : | |
| **JIAZHONG SHI,** *et al,* | : | |
| | : | |

## MEMORANDUM OPINION

**Henry, J.**                                                      **March 13, 2025**

## I.    BACKGROUND

*Pro se* Plaintiff, Dominicana Ayala, filed this lawsuit on January 28, 2025. In her
Complaint, Plaintiff alleges violations of her civil rights under 42 U.S.C. §1983, violations of her
due process rights, forgery, fraud, wrongful foreclosure, breach of contract, obstruction of
administration of justice, negligence, slander of title, slander of credit, infliction of emotional
distress, and conspiracy. The Complaint indicates that property Plaintiff previously owned was
foreclosed on by a bank, and such actions form the basis of her claims in the instant matter. More
specifically, Plaintiff alleges she applied for a loan from a bank and the original loan documents
were altered, stolen, and additions were made to that document. (Compl., ¶¶ 11, 22) The bank
then allegedly misrepresented the elements of the agreement the parties entered into, and the
promissory note was allegedly forged (*id*., ¶ 18(c) - (e)). In addition, Plaintiff avers the bank then
denied her equal protection under the law in failing to disclose material facts of the agreement,
by recording the promissory note, by failing to follow GAAP accounting principles, and by
failing to provide her with a deed, among other actions. (*Id*., ¶¶ 18(l), (m), (q), 19, and 19(a))

Plaintiff then avers the mortgage lien on the property was illegal, but nonetheless, the bank
through an agent, Andrew L. Markowitz, Esq., took steps to foreclose on her property (*Id*., ¶¶ 24-

31). This resulted in her property being sold at Sheriff's Sale on or about August 23, 2024 (Compl., ¶ 33). Thereafter, on October 16, 2024, the buyers of Plaintiff's former property filed a complaint in Lehigh County in which they sought ejectment of Plaintiff from the property in question. On January 28, 2025, the Honorable Michele A. Varricchio entered a judgment in ejectment in favor of the buyers and against Plaintiff in this case for possession of the subject property, and on January 30, 2025, the Clerk of Judicial Records of Lehigh County entered a writ of possession and directed Plaintiff to deliver the property to the buyers. On February 7, 2025, Judge Varricchio denied Plaintiff's Motion for an Emergency Stay of the ejectment.

As a result of the above actions, Plaintiff alleges the lender and its agent executed a scheme to defraud her and failed to follow GAAP principles with regard to her mortgage (*Id*., ¶¶ 33(a)-(i); 34-39). As such, she seeks damages for wrongful foreclosure, breach of contract, negligence, slander of title, slander of credit, and infliction of emotional distress (*Id*., ¶¶1-5 (sic) pp. 9-11; 40-50).

On February 18, 2025, in the instant action, Plaintiff filed an "emergency" motion in which she seeks a stay of her ejectment and/or an injunction to "halt the state lower court eviction proceedings." In addition, on February 12, 2025, Lehigh County Solicitor Dave Backenstoe and Sheriff of Lehigh County Joseph Hanna filed a Motion to Dismiss Plaintiff's Complaint, and on March 11, 2025, the Honorable Michele Varricchio also filed a Motion to Dismiss. Also pending is Plaintiff's "Motion to Expedite Hearing for Motion to Stay Writ of Possession and for Temporary Restraining Order Pending Resolution of Federal Court Jurisdiction and Title Dispute." Further, Plaintiff has filed an opposition to the Motion to Dismiss of Defendants Backenstoe and Hanna.

## II.    <u>DISCUSSION</u>

By bringing the instant Federal Action, Plaintiff seeks to avoid the orders and judgments that have been entered in the Lehigh County Court of Common Pleas and sets forth federal constitutional claims. Plaintiff's motions also seek a stay of the state court proceedings. However, this Court is unable to grant the relief requested in Plaintiff's Motions or her Complaint, as the Court lacks subject matter jurisdiction in this case.[1]

The Court must first analyze jurisdiction in this matter, because from the face of Plaintiff's Complaint, it appears that a federal judgment entered in this case would negate the state's ejectment judgment, which would run afoul of the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1976.) A claim is barred by *Rooker–Feldman* when (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). A federal and state case are "inextricably intertwined" when "the federal court must take an action that would negate the state court's judgment" or when the relief sought by Plaintiff "would prevent a state court from enforcing its orders." *Id*. at 581. "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined, and the district court has no subject matter jurisdiction to hear the suit."

---

[1] No Defendant has objected to the Court's jurisdiction in this matter; however, the Court may raise jurisdictional issues *sua sponte*. *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016); see *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388–89 (3d Cir. 2002) (stating that federal courts have a duty "to examine their subject matter jurisdiction at all stages of litigation *sua sponte* [even] if the parties fail to raise the issue.")

*ITT Corp. v. Intelnet Intern.*, 366 F.3d 205, 211 (3d Cir. 2004) (citing *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840. (3d Cir. 1996).

In the instant matter, the Lehigh County Court of Common Pleas first entered a judgment in foreclosure against Plaintiff, her property was sold at Sheriff's Sale, and the individuals who purchased the property at Sheriff's Sale filed a complaint in Lehigh County in which they sought ejectment of Plaintiff from the property. On January 28, 2025, Judge Varricchio in Lehigh County entered a judgment in ejectment in favor of the buyers and against Plaintiff for possession of the subject property, and on January 30, 2025, the Clerk of Judicial Records of Lehigh County entered a writ of possession and directed Plaintiff to deliver the property to the buyers. To determine whether Plaintiff's federal claims are "inextricably intertwined" with her state court ejectment action, the Court must analyze what the state court decided and how Plaintiff's current claims would affect the state court decision. Upon close review, it is apparent that all of Plaintiff's federal claims would require this Court to find that the state court was incorrect in its decision on the ejectment complaint. Therefore, *Rooker-Feldman* applies, and this Court lacks jurisdiction in this matter.

Plaintiff's federal claims arise from her belief that various parts of her mortgage, as well as the mortgage foreclosure process, were unlawful and unenforceable and that the judgment entered in the Ejectment Action (premised upon the validity of the judgment entered in the Mortgage Foreclosure Action) was entered against her in error. All injuries for which Plaintiff seeks relief in this matter were caused by the state court judgments, and for this Court to award Plaintiff her requested relief of monetary damages, the Court would have to reject the judgment of the state court.

The state court docket entries in the Ejectment Action show that judgment was entered in favor of the buyers and against Plaintiff for possession of the property in question. (Docket No. 17, Ex. B.) "Ejectment is a possessory action only" and "cannot be maintained by the plaintiff unless he is out of possession, and he has a right to the possession of the property at the time of the commencement of the action." *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 79 (Pa. Super. Ct. 2007), citing *Brennan v. Shore Brothers, Inc.*, 380 Pa. 283, 285, 110 A.2d 401, 402 (1955). When the Lehigh County Court of Common Pleas entered a judgment in the Ejectment Action in favor of the buyers, it did so after determining that the buyers were legally entitled to possession of the property under Pennsylvania law. In making this determination, the state court had to determine whether the buyers had received a valid deed to the property after the Sheriff's Sale. Similarly, the property would not have been listed for Sheriff's Sale if the Lehigh County Court had not entered a judgment in the foreclosure action, finding that Plaintiff's mortgage should be foreclosed upon. Plaintiff appeared in Lehigh County and opposed both the foreclosure and the ejectment actions; despite that, the Court made the determination that Plaintiff did not have a legal right to remain in possession of the property. To grant Plaintiff damages for the claims set forth in her Complaint – conspiracy to commit real estate deed fraud, forgery, wrongful foreclosure, breach of contract, real estate deed fraud and obstruction of administration of justice – this Court would have to second guess the Lehigh County Court, which I am not permitted to do pursuant to *Rooker-Feldman*.

Plaintiff's two remaining claims set forth in her federal Complaint are federal constitutional claims that were never "actually litigated in state courts." As with Plaintiff's other claims, *Rooker–Feldman* would apply if her constitutional claims are "inextricably intertwined" with the state court adjudications. Plaintiff sets forth a claim of violation of 42 U.S.C. § 1983 and a claim

of violation of due process. However, a review of Plaintiff's Complaint shows that her federal constitutional claims are inseparably linked to the state court judgment in ejectment that has been entered against her. All claims in Plaintiff's Complaint, including her constitutional claims, arise from her belief that the mortgage loan that she received was not valid for a variety of reasons and, therefore, the mortgage foreclosure and ejectment actions against her were improper. Plaintiff could only prevail in this matter if a federal court concludes that the state court's judgment was improperly obtained. Therefore, she cannot succeed on her federal claim without obtaining an order that "would negate the state court's judgment," and her federal claims are inextricably intertwined with the state adjudications and thus barred by *Rooker–Feldman.*

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint is dismissed with prejudice, as this Court lacks jurisdiction over her claims.